*940 The opinion of the court was delivered by
Breaxjx, J.
The plaintiff, the police jury of the parish of Caddo, alleges that the parish has a secure and sufficient jail maintained at its expense.
. That since September 1, 1882, the police jury of Bossier has failed to maintain a jail for that parish, and that, all persons imprisoned in compliance with judicial authority were placed in the jail of Caddo parish; that it has been used continuously,. with the consent of the police jury of the last named parish, by the sheriff of Bossier parish, for the detention and incarceration of accused persons, charged with crime and ordered to jail, and all persons sentenced to imprisonment by the District Court of Bossier.
That the use of the jail is worth $3 a month, for each prisoner, and aggregates the sum of $3000 claimed as due. The defendant alleges that plaintiff’s petition discloses no cause of action, in that plaintiff has no authority to recover fees or other compensation from an adjacent parish for confining therein persons imprisoned in accordance with the orders of the judicial authorities of the parish; that a parochial corporation, without special legislative authority, can not maintain a jail and charge for its use.
On the trial of the exception it was proven that the jail of Bossier parish was destroyed by fire in the winter of 1884 and 1885. Since that time the parish has had no safe prison in which to confine criminals and offenders.
The District Judge gave the sheriff of Bossier orders to confine them in the Caddo or Webster jail until a safe place of confinement will have been provided.
At this time the parish of Bossier has no jail.
The exception was maintained and plaintiff’s demand rejected. From the judgment plaintiff appeals and prays that the judgment be reversed and the case remanded to enable it to prove the amount due.
It was admitted in argument that the fees of the sheriff of Caddo for the maintenance of the prisoners have been paid by the parish of Bossier; also the services rendered by physicians, and all claims except those made for the use of the jail.
Provision is made by statute for the payment of the sheriff in whose charge the prisoners are.placed. None for the payment of the parish.
*941 ' The prisoners were confined in the jail with the consent of the proper authorities of the parish of Caddo, and during a number of years no claim has been made for the use of the jail.
The judge of the district ordered them to be confined in the Caddo parish jail, evidently without thinking that any charge would be made for the use of the jail.
The consent given heretofore by the police jury of Caddo has not been in such terms as to give notice thatpayment would be required. If it can not be considered as an express approval, it was equivalent to an acquiescence, and the expression of a willingness to its being complied with by the sheriff as intended, free of any charge for the mere use of the jail.
Bach parish must provide a jail to confine prisoners.
It is not contemplated under the law that one-parish shall continuously furnish another with necessary jail rooms, and an adjacent parish can not be compelled to render such a service permanently.
Under the circumstances of this case we will not hold that plaintiff has the right to recover.
The use intended under Section 2839 of the Revised Statutes is temporary.
The time, the necessity are left to the discretion of the District Judge.
We conclude that this discretion has been properly exercised, and we the more readily reach that conclusion from the fact that the consent given by the proper authorities' sustains the correctness and necessity of the order given, and no charges can be made for its use to date.
Judgment affirmed.